CONFORM COPY

JESSIE A. KOHLER (SBN: 179363)
jkohler@winston.com
BENJAMIN M. GIPSON (SBN: 222830)
bgipson@winston.com
AUDREY SHEN CHUI (SBN: 254510)
achui@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
K MART CORPORATION

FILED
2009 FEB 25 PM 12: 37
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ______

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROSA L. LOPEZ, individually and on behalf of other persons similarly situated,

Plaintiff,

vs.

K MART CORPORATION; and DOES 1 through 50, inclusive,

Defendant.

**Case No.** CV09-01334 MMM (FFMx)

**NOTICE OF REMOVAL OF CIVIL ACTION**

(28 U.S.C.§ 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446)

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, Defendant Kmart Corporation ("Defendant") hereby removes the above-captioned matter from the Superior Court of California, Los Angeles County, to this Court. In support of its request, Defendant states as follows:

## I. INTRODUCTION

1. This case is hereby removed from state court to federal court under the Class Action Fairness Act of 2005 because, at the time the Complaint was filed, and at this time, complete diversity of citizenship exists between Defendant on the one hand and one or more members of the putative class on the other hand, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. The citizenship of Does Defendants should be disregarded for the purposes of removal.

## II. THE STATE COURT ACTION

2. On January 23, 2009, Plaintiff Rosa L. Lopez ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the City and County of Los Angeles, entitled *Rosa L. Lopez v. Kmart Corporation*, Case Number BC406180 ("Complaint"). The Complaint alleges four causes of action against Defendant, the former employer of Plaintiff. These include (a) violation of California Labor Code § 227.3 (failure to pay vested vacation wages); (b) violation of California Labor Code § 226(a) (failure to provide accurate wage statements); (c) violation of California Labor Code §§ 201-203 (failure to pay all wages at termination); and (d) violation of California Business and Professions Code §§ 17200, *et seq*. A true and correct copy of the Summons is attached hereto as Exhibit "A," and a true and correct copy of the Complaint is attached hereto as Exhibit "B."

3. Plaintiff served the Summons and Complaint on Defendant via personal service on January 27, 2009. The Complaint is the initial pleading setting forth the claim for relief upon which the action is based.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## III. JOINDER

4. Defendant is not aware of any other defendant having been served with a copy of Plaintiff's Complaint.

## IV. BASIS FOR JURISDICTION

5. The state court action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of the Class Action Fairness Act, in that it is a civil class action between citizens of different states and the amount in controversy exceeds $5,000,000, exclusive of interest and costs, as explained below.

### The Parties

6. Defendant is informed and believes that Plaintiff Rosa L. Lopez was, at the time of the filing of this action, and still is, a citizen and resident of the County of Los Angeles in the State of California. (Complaint, ¶ 4.)

7. As of January 23, 2009, when the Complaint was filed, and presently, Defendant was a Michigan corporation with its principal place of business in Illinois. (Complaint, ¶ 6.)

8. The citizenship of Defendants Does 1-50, inclusive, should be disregarded for the purpose of establishing removal jurisdiction based on diversity of citizenship. 28 U.S.C. § 1441(a).

### The Amount in Controversy

9. Plaintiff's Complaint is purportedly brought on behalf of herself and "[a]ll Persons whose employment by Defendants in California ended on or subsequent to January 23, 2005" ("Putative Class Members"). (Complaint, ¶ 9.)

10. Plaintiff further alleges that "there are not less than 1000 members in the Class." (Complaint, ¶ 10(a).)

11. Plaintiff does not specifically allege an amount of damages in the Complaint.

12. Plaintiff does not make an allegation as to the aggregate amount in

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

controversy for the putative class in its entirety.

13. Plaintiff seeks to recover alleged unpaid vested vacation, penalties for improper wage statements, waiting time penalties, costs and attorneys' fees on behalf of a class that is "not less than 1000 members." (Complaint ¶¶ 1, 10(a), 14-16, 20, 23-24, 28, 33, and Prayer for Relief.)

14. Plaintiff alleges that "Defendant failed to pay Plaintiff and other members of the Class all wages owed upon termination of employment" and that its failure to do so was "willful", allegedly entitling Plaintiff and Putative Class Members to penalties under California Labor Code § 203. (Complaint ¶¶ 28-32.)

15. Based on the allegations in the Complaint and the number of Putative Class Members, the amount in controversy is in excess of $5,000,000, exclusive of attorneys' fees, interest and costs.

16. Following service of Plaintiff's Complaint, Defendant compiled employment data regarding the number of former employees in California whose employment with Defendant ended between January 23, 2006 and January 23, 2009. There are approximately **35,858** former employees of Defendant who worked in California and who terminated their employment between January 23, 2006 and January 23, 2009. Defendant also compiled employment data regarding the number of former employees in California whose employment with Defendant ended between January 23, 2005 and January 23, 2009. There are approximately **49,181** former employees of Defendant who worked in California and who terminated their employment between January 23, 2005 and January 23, 2009. (Declaration of Gregg Springhorn, ¶¶ 2-4, attached hereto as Exhibit "C.")

17. <u>Waiting Time Penalties</u>. At all times, each Putative Class Member was paid at least the state minimum wage. The lowest minimum wage during the putative class period was $6.75 per hour.[1] Based on an 8 hour day, each Putative Class

[1] In California, the minimum wage in effect on January 23, 2005 was $6.75 per hour. The state minimum wage increased on January 1, 2007 to $7.50 per hour and increased again on January 1, 2008 to $8.00 per hour.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Member was paid a minimum daily wage of $54.00 during the putative class period. Based on the allegations in the Complaint, each Putative Class Member may recover at least $1,620.00 ($54.00 multiplied by 30 days) under California Labor Code § 203. Based on the foregoing, the total waiting time penalties at issue are at least **$58,089,960** ($1,620.00 multiplied by 35,858 Putative Class Members). *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 985-86 (S.D. Cal. 2005) (the amount in controversy is properly evaluated based on Plaintiff's allegations regarding their damages and the defendant's own employment data).

18. The amount in controversy at issue based *solely* on Plaintiff's class claims for waiting time penalties under California Labor Code § 203 and for a three year statute of limitations period totals at least **$58,089,960**.[2] The actual amount in controversy is even higher, as Plaintiff also seeks damages for alleged unpaid vested vacation, penalties for inaccurate wage statements, reimbursement of expenses, or attorneys' fees. (Complaint ¶¶ 1, 14-16, 20, 23-24, 28, 33, and Prayer for Relief.)

19. Attorneys' fees are also included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees…such fees may be included in the amount in controversy.") Here, with the exception of Plaintiff's claim under California Business and Professions Code §§ 17200, *et seq.*, all of her alleged claims allow for the recovery of attorneys' fees. In a successful wage and hour class action, such attorneys' fees often exceed $500,000.

## V. COMPLIANCE WITH STATUTORY REQUIREMENTS

20. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit "D" are true and correct copies of all process, pleadings, and orders which have been received by

[2] Based on Plaintiff's putative class definition, Plaintiff implicitly alleges that the statutory period for Plaintiff's claim for waiting time penalties is four years, beginning from January 23, 2005. (*See* Complaint, ¶ 9.) Although Defendant disagrees that four years is the applicable statutory period under California Labor Code § 203, if Plaintiff's contention is accepted, the amount in controversy with regard to this single claim would increase to **$79,673,220** ($54.00 x 30 days x 49,181 Putative Class Members during the relevant time period).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Defendant in this action not already referenced as Exhibits above.

21. In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court within thirty (30) days after Defendant or its agents first had notice of the Complaint on January 27, 2009.

22. As required in 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to Dennis F. Moss, Esq., Gregory N. Karasik, Esq., and Sahag Majarian, II, Esq., counsel of record for Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of the State of California in and for the County of Los Angeles.

WHEREFORE, Defendant respectfully request that these proceedings, entitled *Rosa L. Lopez v. Kmart Corporation*, Case Number BC406180, now pending in the Superior Court of the State of California for the County of Los Angeles, be removed to this Court.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Dated: February 25, 2009

WINSTON & STRAWN LLP
JESSIE A. KOHLER
BENJAMIN M. GIPSON
AUDREY SHEN CHUI

By: ______________________
Benjamin M. Gipson
Attorneys for Defendant
KMART CORPORATION

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 23 2009

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
K MART CORPORATION; and DOES 1 through 20

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROSA L. LOPEZ, individually and on behalf of other similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
111 North Hill Street
111 North Hill Street
Los Angeles 90012
Stanley Mosk Courthouse

CASE NUMBER: *(Número del Caso)*: BC406180

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dennis F. Moss (SBN 077512) 310.235.2468 310.235.2456
SPIRO MOSS BARNESS LLP
11377 W. Olympic Boulevard
Los Angeles, CA 90064

DATE: *(Fecha)* JAN 2 [illegible] JOHN A. CLARKE, CLERK Clerk, by *(Secretario)* M. GARCIA, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ other *(specify)*:
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
SUMMONS
Legal Solutions Plus
Code of Civil Procedure §§ 412.20, 465

# EXHIBIT B

Dennis F. Moss - State Bar No. 77512
Gregory N. Karasik - State Bar No. 115834
SPIRO MOSS BARNESS LLP
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel.: (310) 235-2468; Fax: (310) 235-2456
dennisfmoss@yahoo.com
greg@spiromoss.com

Sahag Majarian, II
LAW OFFICE OF SAHAG MAJARIAN, II
18250 Ventura Blvd
Tarzana, CA 91356
Telephone: (818) 609-0807, Facsimile: (818) 609-0892
sahagii@aol.com

Attorneys for Plaintiff
ROSA L. LOPEZ

FILED
LOS ANGELES SUPERIOR COURT
JAN 23 2009
JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

D-311 Carl J. West

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

ROSA L. LOPEZ, individually and on behalf of other persons similarly situated,

Plaintiff,

vs.

K MART CORPORATION; and DOES 1 through 50, inclusive

Defendants.

Case No. BC406180

**CLASS ACTION**

**COMPLAINT FOR DAMAGES, CIVIL PENALTIES AND RESTITUTION**

1. Violation of Labor Code § 227.3 Relating to Vested Vacation Wages
2. Failure To Provide Accurate Wage Statements
3. Failure To Pay Wages Upon Termination
4. Unfair Competition

**DEMAND FOR JURY TRIAL**

CIT/CASE: BC406180 LEA/DEF#:
RECEIPT #: CCH478057026
DATE PAID: 01/23/09 10:35:59 AM
PAYMENT: $900.00
RECEIVED:
CHECK: 900.00
CASH:
CHANGE:
CARD:

Plaintiff Rosa L. Lopez ("Plaintiff") on behalf of herself and all others similarly situated, complains and alleges as follows:

**INTRODUCTION**

1. This case arises out of the failure of defendant K MART CORPORATION ("KMART") and Doe Defendants to comply with various wage and hour laws. Plaintiff seeks to recover, on behalf of herself and others similarly situated, forfeited vacation pay arising from Defendants' vacation pay and paid time off policies and practices that are violative of Labor Code § 227.3, statutory damages for Defendants' knowing and intentional failure to provide written wage statements that comply with Labor Code § 226(a), waiting time wages for Defendants' willful failure to timely pay wages to employees upon termination as provided in Labor Code §§ 201-203, and other relief.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over the violations of Labor Code §§ 201-203, 226, and 227.3 alleged in this matter. Plaintiff is a resident of California and KMART regularly conducts business in California. The Court has jurisdiction over the Class Action allegations pursuant to California Code of Civil Procedure §382. Further, there is no federal question at issue as the claims herein are based solely on California law.

3. Venue is proper in this Judicial District and the County of Los Angeles because work was performed by Plaintiff and other employees of KMART in the County of Los Angeles and KMART's wage and hour obligations under California law to Plaintiff and other employees of KMART arose and were breached in the County of Los Angeles.

**THE PARTIES**

**A. The Plaintiff**

4. Plaintiff Lopez was employed by KMART as an Associate in California from on or about January 21, 2004 through October 21, 2008. Plaintiff has resided within the jurisdiction of this Court in Los Angeles County at all relevant times. During her employment with KMART, Plaintiff accrued "Paid Personal Leave Time" and "Paid Vacation" time off that both qualify as vacation under Labor Code §227.3. Upon her separation from employment, Plaintiff was not paid for all her accrued

and unused "Paid Personal Leave Time" and "Paid Vacation". KMART terminated Plaintiff's employment on October 18, 2008, but has not yet paid Plaintiff all of the unpaid accrued "Paid Personal Leave Time" and "Paid Vacation" she is entitled to. Plaintiff was not provided an accurate wage statement. Plaintiff was and is a victim of policies, practices and customs of Defendants complained of herein that have deprived her of the rights guaranteed her by Labor Code §§ 201-203, 226, and 227.3.

5. Plaintiff seeks to represent similarly situated former employees of KMART (the "Class") described more fully in paragraph 9 below, who, like Plaintiff, were subject to the same policies, practices and customs of Defendants that Plaintiff was subject to.

**B. Defendants**

6. Plaintiff is informed and believes, and based thereon alleges, that KMART was and is a Michigan corporation doing business in the State of California with its principal place of business in Hoffman Estates, Illinois. KMART is engaged in the business of retail sales. It carries out this business, in part through the "Associates" it employs. KMART is the former employer of Plaintiff, and is the former employer of other members of the Class.

7. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

8. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

9. Defendants are joint-employers of Plaintiff and all other members of the Class. At all times relevant to this action, the named defendants and Defendants DOES 1 through 50 are affiliated and are an integrated enterprise.

10. Each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other Class members and exercised control over their wages, hours, and working conditions. Each defendant is the co-employer, successor in interest and/or predecessor in interest of some or all of the other defendants, and is engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Each defendant acted pursuant to and within the scope of the relationships alleged above. Each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

**CLASS ACTION ALLEGATIONS**

9. Plaintiff brings this action on behalf of herself and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382. The Class is defined as follows:

> All Persons whose employment by Defendants in California ended on or subsequent to January 23, 2005.

10. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

a. The Class members are so numerous that the individual joinder of all of them as plaintiffs is impractical. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes, and thereon alleges that there are not less than 1000 members in the Class. Therefore, joinder of all Class members as individual plaintiffs is impractical.

b. Common questions of law and fact exist as to members of the Class and predominate over any questions which affect only individual members of the Class. These common questions include, but are not limited to:

(1) Did Defendants' paid leave policies and practices violate Labor Code §227.3 by causing forfeitures of unused accrued "Paid Personal Leave

Time" and "Paid Vacation" ?

(2) Are the use them or lose them "Paid Personal Leave" provisions of Defendants' policies lawful?

(3) Do the written wage statements provided to Defendants' employees in California comply with the requirements of Labor Code § 226(a) when they fail, upon separation of employment, to accurately set forth unused accrued "Paid Personal Leave Time" and "Paid Vacation", and inaccurately set forth the amount owing for "Paid Personal Leave Time" and "Paid Vacation".

(4) Whether Defendants knowingly and intentionally failed to provide their employees with written wage statements that comply with the requirements of Labor Code § 226(a)?

(5) Did Defendants violate Labor Code Section 201 or 202 by not paying members of the Class accrued and unused "Paid Personal Leave Time" and "Paid Vacation" upon their separations from employment?

(6) Was Defendants' conduct, in not paying all accrued "Paid Personal Leave Time" and "Paid Vacation" pay to Class Members willful?

(7) Did Defendants violate the Unfair Competition Law, Business and Professions Code Section 17200, *et seq.*, by its unlawful practices as alleged herein?

(8) Are Defendants liable to Class members for restitution under Business and Professions Code Section 17203?

(9) Are Class members entitled to attorney's fees?

(10) Are Class members entitled to pre-judgment interest?

c. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is informed and believes and thereon alleges that, at all relevant times within the applicable limitations periods, Defendants have maintained policies and practices that 1) do not

allow for the payment of all accrued and unused "Paid Personal Leave Time" and "Paid Vacation", 2) that cause the late payment of wages to terminated employees , and 3) that result in the provision to employees of inaccurate wage statements.

d. Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who have substantial class action experience in wage and hour cases.

e. A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments which may result from individual litigation.

11. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE §227.3

## (Against all Defendants By Plaintiff On Behalf Of The Class)

12. Plaintiff incorporates paragraphs 1 through 11 of this complaint as if fully alleged herein.

13. Defendants maintain "Paid Personal Leave Time" and "Paid Vacation" policies and

practices that provide employees paid leave.

14.. In the event that an employee does not use all the "Paid Personal Leave Time" and "Paid Vacation" he or she earned by the time his or her employment ends, not all of the employee's unused and accrued "Paid Personal Leave Time" and "Paid Vacation" is paid to the employee. Defendant's failure to pay terminated employees all their earned and unused "Paid Personal Leave Time" and "Paid Vacation" time upon the termination of their employment, violates Labor Code §227.3 and *Suastez v. Plastic Dress-Up Co.* (1982) 31 Cal. 3d 774.

15. Defendants have also failed to pay class members vested "Paid Personal Leave Time" and "Paid Vacation" wages by failing to pay class-members a pro-rata share of all accrued and unused "Paid Personal Leave Time" and "Paid Vacation" time upon termination from employment. Such conduct violates Labor Code §227.3 and *Suastez v. Plastic Dress-Up Co.* (1982) 31 Cal. 3d 774.

16. Such a pattern, practice and uniform administration of corporate policy as described herein, is unlawful and creates an entitlement to recovery by Plaintiff and the Class of the unpaid "Paid Personal Leave Time" and "Paid Vacation" wages, reasonable attorney's fees, interest and costs of litigation.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(Against all Defendants By Plaintiff On Behalf Of The Class)**

17. Plaintiff incorporates paragraphs 1 through16 of this complaint as if fully alleged herein.

18. At all relevant times, Plaintiff and the other members of the Class were covered by Labor Code Section 226.

19. Pursuant to Labor Code Section 226(a), Plaintiff and the other members of the Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

20. Defendants failed to provide Plaintiff and other members of the Class accurate itemized statements in accordance with Labor Code Section 226(a). Plaintiff is informed and believes and thereon alleges that at all relevant times since one year preceding the filing of the complaint, ( 226 Penalty Period) Defendants did not issue wage statements to Class members upon termination of their employment, that showed the correct amount of gross wages earned, or the correct amount of net wages earned, for accrued and unused "Paid Personal Leave Time" and "Paid Vacation" in violation of Labor Code Section 226(a)

21. Defendants' failure to provide Plaintiff and other members of the Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and other members of the Class with accurate wage statements but intentionally provided wage statements that they knew were not accurate.

22. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Class have suffered injury. The absence of accurate information on their wage statements has prevented timely challenges to Defendants' unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

23. Pursuant to Labor Code Section 226(e), Plaintiff and other members of the Class are entitled to recover fifty dollars for the pay period during the 226 Penalty Period in which they received their final wage check without the proper amount of pay owing spelled out.

24. Pursuant to Labor Code Section 226(e), Plaintiff and other members of the Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY WAGES UPON TERMINATION**

**(Against all Defendants By Plaintiff On Behalf Of The Class)**

25.   Plaintiff incorporates paragraphs 1 through 24 of this complaint as if fully alleged herein.

26.   At relevant times, the employment of Plaintiff and the other members of the Class by Defendants ended. At the time their employment ended they were covered by Labor Code §§ 201 et seq.

27.   Pursuant to Labor Code Sections 201 and 202, Plaintiff and the other members of the Class were entitled, upon the end of their employment by Defendants to payment of all wages earned , including those owing pursuant to Labor code §227.3. Discharged employees are entitled to payment of such wages immediately upon termination. Employees who resigned are entitled to payment of such wages within 72 hours after resignation or, if they gave at least 72 hours previous notice, they are entitled to payment at the time of resignation.

28.   Defendants failed to pay Plaintiff and other members of the Class all wages owed upon termination from employment in accordance with Labor Code Section 201 and 202 by failing to pay all accrued and unused "Paid Personal Leave Time" and "Paid Vacation" upon termination.

29.   Defendants failure to pay Plaintiff and other members of the Class all wages earned prior to termination from employment in accordance with Labor Code Sections 201 and 202 was willful. Defendants had the ability to pay all earned and unpaid wages in accordance with Labor Code Sections 201 and 202 but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and 202.

30.   Pursuant to Labor Code Section 203, Plaintiff and other members of the Class are entitled to waiting time penalties, in the form of continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

31.   As a result of Defendant's unlawful conduct, Plaintiff and other members of the Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages owed at the time of termination under Labor Code Section 201 or 202.

32.   As a result of Defendants' unlawful conduct, Plaintiff and other members of the Class have suffered damages in an amount, subject to proof, to the extent they were not paid all waiting time penalties owed under Labor Code Section 203.

33. Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the Class are entitled to recover the full amount of their unpaid wages, waiting time penalties, reasonable attorney's fees and costs of suit. Plaintiff and other members of the Class are entitled to recover prejudgment interest on all due and unpaid wages and waiting time penalties under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

**FOURTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Against all Defendants By PlaintiffS On Behalf Of The Class)**

34. Plaintiff incorporates paragraphs 1 through 33 of this complaint as if fully alleged herein.

35. The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200. Due to their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to comply with Labor code §227.3, and timely pay their employees upon termination.

36. As a result of Defendants' unfair competition as alleged herein, Plaintiff and the other members of the Class have suffered injury in fact and lost money or property. Plaintiff and members of the Class were deprived of payments owing them pursuant to Labor Code §227.3, and waiting time penalty wages.

58. Pursuant to Business and Professions Code Section 17203, Plaintiff and other members of the Class are entitled to restitution of all the monies and interest thereon rightfully belonging to them that Defendants failed to pay them and wrongfully retained for themselves by means of their unlawful and unfair business practices. Plaintiff and members of the Class have a vested property interests in all the monies Defendants were legally required to pay them under the Labor Code.

59. Plaintiff and members of the Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A. An order that the action be certified as a class action;

B. An order that Plaintiff be appointed representative of the Class;

C. An order that counsel for Plaintiff be appointed as counsel for the Class;

D. Judgment in favor of Plaintiff and the Class and against Defendants;

E. Damages of unpaid accrued "Paid Personal Leave Time" and "Paid Vacation" wages;

F. Damages for unpaid waiting time penalties

G. Civil penalties;

H. Restitution of all monies rightfully belonging to Plaintiff and other Members of the Class that Defendants failed to pay to them and wrongfully retained for themselves;

J. Pre-judgment interest;

K. Reasonable attorney's fees;

L. Costs of suit; and

M. Such other relief as the Court deems just and proper.

DATED: January 15, 2009

SPIRO MOSS BARNESS LLP

By: ______________________
Dennis F. Moss
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demand a trial by jury for themselves and the Class on all claims so triable.

DATED: January 23, 2009

SPIRO MOSS BARNESS LLP

By: ______________________
Dennis F. Moss
Attorneys for Plaintiffs

# EXHIBIT C

**DECLARATION OF ROBERT G. SPRINGHORN**

I, Robert G. Springhorn, declare as follows.

1. I am employed by Sears Holdings Management Corporation. Sears Holdings Management Corporation is a subsidiary of Kmart Management Corporation, which owns defendant Kmart Corporation ("Kmart"). As a Legal Analyst for Sears Holdings Management Corporation, I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently thereto, under oath.

2. Following service of Plaintiff's Complaint in the action *Rosa L. Lopez v. Kmart Corporation*, Kmart compiled information from its electronic human resources records regarding the number of former employees in California whose employment with Kmart: (1) ended on or after January 23, 2006 through January 23, 2009; and (2) ended on or after January 23, 2005 through January 23, 2009. The electronic data that was used to compile this information is entered and stored on Kmart's computer systems in the ordinary course and scope of Kmart's business. Kmart completed compiling this information on or around February 17, 2009.

3. Based on Kmart's electronic records, there are approximately 35,858 former employees of Kmart who worked in California and terminated their employment on or after January 23, 2006 through January 23, 2009.

4. Based on Kmart's electronic records, there are approximately 49,181 former employees of Kmart who worked in California and terminated their employment on or after January 23, 2005 through January 23, 2009.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on February 23, 2009, in Hoffman Estates, Illinois.

Robert G. Springhorn

# EXHIBIT D

JESSIE A. KOHLER (SBN: 179363)
jkohler@winston.com
BENJAMIN M. GIPSON (SBN: 222830)
bgipson@winston.com
AUDREY SHEN CHUI (SBN: 254510)
achui@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
KMART CORPORATION

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 24 2009

John A. Clarke, Executive Officer/Clerk
By SHAUNYA WESLEY, Deputy

COPY TO CONFORM

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

ROSA L. LOPEZ, individually and on behalf of other persons similarly situated,

Plaintiff,

vs.

K MART CORPORATION; and DOES 1 through 50, inclusive,

Defendant.

**Case No. BC 406180**

**DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES, CIVIL PENALTIES AND RESTITUTION**

Defendant Kmart Corporation ("Defendant"), appearing for itself alone and for no other party, hereby submits its answer to Plaintiff ROSA L. LOPEZ's ("Plaintiff") Complaint ("the Complaint").

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint. Without limiting the generality of the foregoing, Defendant also denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

LA 237290

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## ADDITIONAL DEFENSES

In further answer to the Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

1. Neither Plaintiff's Complaint nor any purported cause of action therein alleged states facts sufficient to constitute claims upon which relief can be granted.

## SECOND DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, Code of Civil Procedure sections 203, 338, 339, and 340 and California Business & Professions Code section 17208.

## THIRD DEFENSE

3. Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendants, and thus, Plaintiff's claims are barred by the equitable doctrine of laches.

## FOURTH DEFENSE

4. Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrines of waiver and estoppel.

## FIFTH DEFENSE

5. Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## SIXTH DEFENSE

6. Plaintiff is not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, Cal. Labor Code § 200, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code, Cal. Labor Code § 200, *et seq.*

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**SEVENTH DEFENSE**

7. Plaintiff's claim under Business & Professions Code section 17200 is barred to the extent that she lacks standing to sue pursuant to Business & Professions Code sections 17203 and 17204.

**EIGHTH DEFENSE**

8. Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code Sections 17200 *et seq.* because its business practices were not unfair, deceptive, or likely to mislead anyone.

**NINTH DEFENSE**

9. The relief requested by Plaintiff and members of the proposed class pursuant to California Business and Professions Code Sections 17200 *et seq.* violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**TENTH DEFENSE**

10. The relief requested by Plaintiff and members of the proposed class pursuant to California Business and Professions Code Sections 17200 *et seq.* should be denied because Plaintiff and members of the proposed class have an adequate remedy at law.

**ELEVENTH DEFENSE**

11. Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code Sections 17200 *et seq.* because it is not liable to Plaintiff or members of the proposed class for any alleged violation of any underlying state laws.

**TWELFTH DEFENSE**

12. Plaintiff is not entitled to any penalty under California Labor Code section 226 because Defendants did not knowingly and intentionally fail to comply with its provisions.

**THIRTEENTH DEFENSE**

13. Plaintiff's claims for penalties pursuant to California Labor Code section 226 fail because she has not suffered an actual injury or lost money or property as a result of the challenged statutory violation.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**FOURTEENTH DEFENSE**

14. The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

**FIFTEENTH DEFENSE**

15. Plaintiff cannot establish the requirements for certification of a class under Code of Civil Procedure section 382.12.

**SIXTEENTH DEFENSE**

16. The claims of Plaintiff and some putative class members may be barred in whole or in part by accord and satisfaction.

**SEVENTEENTH DEFENSE**

17. The claims of Plaintiff and some putative class members may be barred in whole or in part because they released Defendant from liability for some or all of the claims alleged in the Complaint.

**EIGHTEENTH DEFENSE**

18. Defendant currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant expressly reserves its right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

**PRAYER**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by the Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff, on all causes of action;

3. That Defendant be awarded reasonable attorney's fees according to proof;

4. That Defendant be awarded the costs of suit herein incurred; and

5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

Dated: February 24, 2009

WINSTON & STRAWN LLP
JESSIE A. KOHLER
BENJAMIN M. GIPSON
AUDREY SHEN CHUI

By: ______________________
Benjamin M. Gipson
Attorneys for Defendant
KMART CORPORATION

LA:236732.4

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

5

DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES, CIVIL PENALTIES AND RESTITUTION

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543. On the date set forth below, I served the within document(s):

**DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES, CIVIL PENALTIES AND RESTITUTION**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

SPIRO MOSS BARNESS LLP
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Telephone (310) 235-2468
Facsimile (310) 235-2456
info@spiromoss.com

LAW OFFICES OF MAJARIAN SAHAG
18250 Ventura Boulevard
Tarzana, CA 91356-4229
(818) 609-0807

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 24, 2009, at Los Angeles, California.

M.C. Schnoebelen

NOTICE SENT TO:

Moss, Dennis F., Esq.
Spiro Moss Barness LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles CA 90064-1683

FILED
Superior Court of California
County of Los Angeles

FILE STAMP FEB 11 2009

John A. Clarke, Executive Officer/Clerk
By ________, Deputy
FRANK ESTRADA

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| ROSA L LOPEZ<br>Plaintiff(s),<br>VS.<br>K MART CORPORATION<br>Defendant(s). | CASE NUMBER<br>BC406180<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for June 15, 2009 at 9:00 am in Dept. 39 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: February 11, 2009

________________ Judicial Officer

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: February 11, 2009

John A. Clarke, Executive Officer/Clerk

by ________________, Deputy Clerk

Dennis F. Moss - State Bar No. 77512
Gregory N. Karasik - State Bar No. 115834
SPIRO MOSS BARNESS LLP
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel.: (310) 235-2468; Fax: (310) 235-2456
dennisfmoss@yahoo.com
greg@spiromoss.com

Sahag Majarian, II
LAW OFFICE OF SAHAG MAJARIAN, II
18250 Ventura Blvd
Tarzana, CA 91356
Telephone: (818) 609-0807, Facsimile: (818) 609-0892
sahagii@aol.com

Attorneys for Plaintiff
ROSA L. LOPEZ and MARIA AGUIRRE

FILED
LOS ANGELES SUPERIOR COURT
FEB 04 2009
JOHN A. CLARKE, CLERK
BY RAUL SANCHEZ, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

ROSA L. LOPEZ and MARIA AGUIRRE, individually and on behalf of other persons similarly situated,

Plaintiff,

vs.

K MART CORPORATION; and DOES 1 through 20, inclusive

Defendants.

Case No. BC 406180

**CLASS ACTION**

DEP. 39

**NOTICE OF NON-COMPLEX DESIGNATION**

PLEASE TAKE NOTICE that the Court has designated this case non-complex. The case has been reassigned to Judge Michael C. Solner in Department 39 at Stanley Mosk Courthouse for all further proceedings. Please see the attached Minute Order dated January 30, 2009.

DATED: February 4, 2009

SPIRO MOSS BARNESS LLP

By: ______________________
Gregory N. Karasik
Attorneys for Plaintiff

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/30/09 | DEPT. 311 |
| HONORABLE CARL J. WEST JUDGE | R. RULLY DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE Deputy Sheriff | NONE Reporter |

| | | |
|---|---|---|
| 8:30 am | BC406180<br><br>ROSA L LOPEZ<br>VS<br>K MART CORPORATION<br><br>NON-COMPLEX (01-30-09) | Plaintiff Counsel<br><br>NO APPEARANCES<br><br>Defendant Counsel |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Michael C. Solner in Department 39 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 39 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 311 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 311 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

MINUTES ENTERED
01/30/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/30/09 | DEPT. 311 |
| HONORABLE CARL J. WEST JUDGE | R. RULLY DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE Deputy Sheriff | NONE Reporter |

| | | |
|---|---|---|
| 8:30 am | BC406180<br><br>ROSA L LOPEZ<br>VS<br>K MART CORPORATION<br><br>NON-COMPLEX (01-30-09) | Plaintiff Counsel<br>NO APPEARANCES<br>Defendant Counsel |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 01-30-09 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 01-30-09

John A. Clarke, Executive Officer/Clerk

By: KIN HILAIRE
K. HILAIRE

SPIRO, MOSS & BARNESS, LLP
Dennis F. Moss, Esq.
11377 West Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683

MINUTES ENTERED
01/30/09
COUNTY CLERK

**LOPEZ v. K MART**
LASC CASE NO. BC 406180

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action. My business address is 11377 W. Olympic Blvd., Fifth Floor, Los Angeles, CA 90064-1683. I am employed at that address at the firm of Spiro Moss Barness LLP.

On the date set forth below I served the document(s) described as **NOTICE OF NON-COMPLEX DESIGNATION** on all the interested parties in this action, by placing: [ ] the original [*xx*] true copies thereof enclosed in sealed envelopes, addressed to the addresses last given by the respective addressees on any document filed in the above case and served on Spiro Moss Barness LLP, as follows:

| K Mart Corporation<br>c/o Margaret Wilson<br>Registered Agent For Service of Process<br>818 W. 7th Street<br>Los Angeles, CA 90017 | |
|---|---|

[] **BY MAIL**: I am readily familiar with this firms's practice of collection and processing correspondence for mailing with the United States Postal Service. On the date set forth below, at the firm of Spiro Moss Barness LLP at the above address, I placed the envelope(s) containing said document(s), sealed, for collection and mailing on that date with the United States Postal Service following ordinary business practices. Under the above-mentioned practice of Spiro Moss Barness LLP, the above document(s) would be deposited with the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

[ ] **BY E-MAIL:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful .

[ ] **BY EXPRESS MAIL** On the date set forth below I deposited such envelope(s) in an Express Mail mailbox, maintained by the U.S. Postal Service for receipt of Express Mail in Los Angeles County, California. The envelope(s) was/were deposited with Express Mail with postage thereon fully prepaid.

[ ] **BY METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY** On the date set forth below I deposited such envelope(s) in a box or other facility regularly maintained by the express service carrier, or delivered such envelope(s) to an authorized courier or driver authorized by the express service carrier to receive documents, with delivery fees paid or provided for. The envelope was an envelope or package designated by the express service carrier.

[X] **(BY PERSONAL SERVICE)**: I personally caused said document(s) on the date set forth below, inside the envelope(s) clearly labeled to identify the attorney(s) to be served, at the offices of the attorney(s) listed above, at the address(es) listed above, with a receptionist or other person having charge of the office(s), between the hours of 9:00 a.m. and 5:00 p.m.

[ ] **BY FACSIMILE** On the date set forth below, I transmitted the above document(s) from facsimile machine number (310) 235-2456, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties. The Facsimile Machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Los Angeles County, California, on February 4, 2009.

Cole Oliver

NOTICE SENT TO:

Majarian, Sahag, II, Esq.
Law Offices of Sahag Majarian II
18250 Ventura Blvd.
Tarzana, CA 91356

FILE STAMP

FILED
Superior Court of California
County of Los Angeles

FEB 11 2009

John A. Clarke, Executive Officer/Clerk
By FRANK ESTRADA, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

ROSA L LOPEZ

Plaintiff(s),

VS.

K MART CORPORATION

Defendant(s).

CASE NUMBER

BC406180

**ORDER TO SHOW CAUSE HEARING**

To the party/attorney of record:_
You are ordered to appear for an Order to Show Cause hearing on April 16, 2009 at 9:00 am in Dept. 39 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file:**

**Proof of Service of Petition/Summons and Complaint/Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:**

Failure to comply or appear may result in sanctions, including dismissal of this action, or striking of the pleading pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

To avoid a mandatory appearance, all required documents must be filed in [ ] this Department [ ] Clerk's Office, Room ________ at least 5 days prior to the date of the hearing.

You are ordered to give notice of said hearing forthwith to any party served with the summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office within 5 days of receipt of this order.

Dated: February 11, 2009

Judicial Officer

CERTIFICATE OF MAILING

**I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.**

**Date: February 11, 2009**

**John A. Clarke, EXECUTIVE OFFICER/CLERK**

**By ____________, Deputy Clerk**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**CV09- 1334 MMM (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CONFORM COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Rosa L. Lopez, individually and on behalf of others similarly situated

**DEFENDANTS**
Kmart Corporation; and Does 1 through 50, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
See attachment.

Attorneys (If Known)
See attachment.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No

☐ **MONEY DEMANDED IN COMPLAINT: $**________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332, 28 U.S.C. Section 1441, 28 U.S.C. Section 1446; class action complaint alleges California Labor Code wage violations and unfair competition.

**VII. NATURE OF SUIT (Place an X in one box only.)**

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE / PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☑ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV09-01334

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): Ortiz v. Kmart, U.S.D.C. Case No. SACV06-638 ODS (ANx); Coughlin v. Kmart, U.S.D.C. Case No.

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant is informed and believes that Plaintiff Rosa L. Lopez currently resides in Los Angeles County, California. | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Kmart Corporation is incorporated in Michigan with its principal place of business in Illinois. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, and San Luis Obispo | Plaintiff's complaint alleged claims on a statewide class basis. |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ____________ **Date** February 25 , 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT TO CIVIL COVER SHEET

---

**Section I(b)**

**Counsel for Plaintiff Rosa L. Lopez**

Dennis F. Moss (SBN 77512)
Gregory N. Karasik (SBN 115834)
SPIRO MOSS BARNESS LLP
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, CA 90064
Tel: (310) 235-2468

Sahag Majarian, II (SBN 146621)
LAW OFFICE OF SAHA MAJARIAN, II
18250 Ventura Boulevard
Tarzana, CA 91356
Tel: (828) 609-0807

**Counsel for Defendant Kmart Corporation**

Jessie A. Kohler (SBN 179363)
Benjamin M. Gipson (SBN 222830)
Audrey Shen Chui (SBN 254510)
WINSTON & STRAWN LLP
333 S. Grand Ave, 38th Floor
Los Angeles, CA 90071
(213) 615-1700

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543. On the date set forth below, I served the within document(s):

**CIVIL COVER SHEET**
**NOTICE OF REMOVAL OF CIVIL ACTION**
**CERTIFICATION OF INTERESTED PARTIES OR ENTITIES**
**NOTICE OF RELATED CASES**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

SPIRO MOSS BARNESS LLP
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Telephone (310) 235-2468
Facsimile (310) 235-2456
info@spiromoss.com

LAW OFFICES OF MAJARIAN SAHAG
18250 Ventura Boulevard
Tarzana, CA 91356-4229
(818) 609-0807

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on February 25, 2009, at Los Angeles, California.

M.C. Schnoebelen