1  Dennis F. Moss (SBN: 77512)
   dennisfmoss@yahoo.com
2  Gregory N. Karasik (SBN: 115834)
   greg@spiromoss.com
3  SPIRO MOSS LLP
   11377 W. Olympic Boulevard, 5th Floor
4  Los Angeles, California 90064-1683
   Telephone:  (310) 235-2468
5  Facsimile:  (310) 235-2456

6  Sahag Majarian, II
   sahagii@aol.com
7  LAW OFFICE OF SAHAG MAJARIAN, II
   18250 Ventura Boulevard
8  Tarzana, California 91356
   Telephone:  (818) 609-0807
9  Facsimile: (818) 609-0892

10 Attorneys for Plaintiff
   ROSA L. LOPEZ

11

12 JESSIE A. KOHLER (SBN: 179363)
   jkohler@winston.com
13 BENJAMIN M. GIPSON (SBN: 222830)
   bgipson@winston.com
14 AUDREY SHEN CHUI (SBN: 254510)
   achui@winston.com
15 WINSTON & STRAWN LLP
   333 S. Grand Avenue
16 Los Angeles, CA 90071-1543
   Telephone:  (213) 615-1700
17 Facsimile:  (213) 615-1750

18 Attorneys for Defendant
   K MART CORPORATION

19                    **UNITED STATES DISTRICT COURT**

20                    **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 21  ROSA L. LOPEZ, individually and on behalf of other persons similarly situated, | **Case No. CV 09-01334 CJC (RNBx)** |
| 22                    Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER; AND [PROPOSED] ORDER** |
| 23  vs. | |
| 24  K MART CORPORATION; and DOES 1 through 50, inclusive, | |
| 25  Defendant. | |

Plaintiff Rosa Lopez (an individual), and Defendant KMART Corporation (hereinafter "Defendant"), have stipulated to this Protective Order by and through their undersigned counsel.

Defendant represents that pre-trial discovery in this case necessarily has involved and will continue to involve matters that are confidential and proprietary to Defendant's on-going business, and may require the production of documents revealing Defendant's methods of operation, material non-public financial information and private employee information and data.

Defendant further represents that Plaintiff has requested information and documents through relating to Defendant's operating policies and procedures, including but not limited to, Defendant's vacation and personnel time policies. Defendant considers this information confidential commercial information that would cause substantial economic harm to Defendant's competitive position if they were made public. Such information qualifies for protection under applicable federal laws. *See ICG Communs. Inc. v. Allegiance Telecom,* 211 F.R.D. 610 (N.D. Cal. 2002).

Plaintiff represents that these categories of information and documents have been requested and are relevant and/or reasonably calculated to lead to the discovery of admissible evidence relating to their claims.

Defendant further represents that such material falls within recognized categories of information that may be protected from public disclosure through confidentiality designations under a protective order. *See* Fed. Rule Civ. Proc. 26(c)(1)(G) (allowing protection of "trade secret or other confidential research, development or commercial information").

Defendant further represents that public disclosure of such material poses a substantial risk of great economic harm in that discovery of Defendant's trade secrets and other proprietary commercial information would put Defendant at a competitive disadvantage and would be a windfall to the discovering (competing) party.

For the foregoing reasons, good cause exists for entry of this Order to facilitate pre-trial disclosure while assuring the safety of these sensitive disclosures. *See* Fed. R. Civ. P. 26(c).

This Order shall apply to pre-trial out-of-court discovery and pre-trial filings with the Court. The parties agree to confer in good faith, in consultation with the Court, in establishing procedures for the use of materials designated as confidential in any evidentiary hearing or trial, which may include a request to close the Courtroom when confidential information may be revealed in the course of such hearing or trial. In the absence of an agreement of the parties or further order of the Court, no Confidential materials may be disclosed in any public hearing or trial.

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of pre-trial proceedings in this action.

1. The word "document" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation all original written, recorded or graphic matters and all copies thereof.

2. This Order shall govern the handling of certain documents produced in this action and designated "Confidential" as further set forth herein.

3. The parties may obtain confidential treatment, as defined in this Order, for such documents by typing or stamping "Confidential" (or words of similar import) on each page or to the front cover of the electronic version of the documents for which confidential treatment is desired. Pages so designated shall hereinafter be referred to as "Confidential Documents." The party designating the Confidential Documents or information shall hereinafter be referred to as the "Designating Party." Any Confidential Document or confidential information contained therein shall be used solely for the purpose of preparing for and conducting pretrial and trial proceedings in this action where counsel and the parties agree to be bound by the terms of this protective order. Nothing in this Order precludes the parties from agreeing to produce and accept certain documents on a "attorneys eyes only" basis,

1  which shall be disclosed only to counsel of record, in the event that a party believes, in
2  good faith, that the documents provided would reveal especially sensitive information
3  that could cause irreparable harm if disclosed to persons other than counsel.

4         4.      Documents or portions thereof may be designated "Confidential"
5  pursuant to the terms of this Order:

6         (a)    If the portion of the document discloses proprietary and
7  confidential trade secrets or confidential research, development or
8  commercial information the disclosure of which a party believes in
9  good faith would cause substantial harm to current legitimate
10 business interests, or discloses information invasive of the
11 legitimate privacy interests of individuals (for example, private
12 employment information); or

13        (b)    if the Court rules such documents to be Confidential after
14 appropriate notice and for good cause shown.

15        5.      Deposition testimony may be designated Confidential by any
16 participating party or third party or witness (a) during the deposition, hearing or trial,
17 in which case the transcript of the designated testimony shall be bound in a separate,
18 sealed volume and marked "Confidential" by the reporter, or (b) within thirty (30)
19 days after receipt of the transcript, in which case a separate transcript marked
20 "Confidential" shall be requested and paid for by the designating party.  The
21 Designating Party may require that persons not authorized to review Confidential
22 information be excluded from the deposition or any testimonial proceeding where
23 Confidential information is likely to be revealed.

24        6.      Documents, deposition transcripts, and other information may be
25 designated as "Confidential" pursuant to Paragraph 3 above, after they have been
26 produced without having been so designated, in the following manner:

27        (a)    Counsel for the Parties to whom such documents, testimony, or
28 other information has been disclosed must be advised in writing of

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

the new designation;

    (b)    To the extent possible, the newly designated documents and the information contained therein shall be used only as allowed by this order; and

    (c)    Counsel for the Designating Party will provide counsel for the party receiving notice with another copy of the documents, deposition transcripts, or other information, which bears the proper designation.

7.    Except by prior Court Order or with the prior written consent of the designating party, documents and transcripts designated as "Confidential" hereunder (and the Confidential information contained therein) shall be disclosed only to the following persons:

    (a)    the Court and its official personnel;

    (b)    the parties and their employees;

    (c)    personnel of any of the outside law firms of record representing any of the parties to this action to the extent necessary to provide representation to the party in connection with this action; court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids solely in providing litigation support services to outside counsel;

    (d)    putative class members, except that such person may not retain any such materials;

    (e)    any person of whom sworn testimony is taken, except that such person may not retain any such materials;

    (f)    jury consultants involved solely in providing litigation support services to outside counsel;

(g) outside experts and consultants for any party, including their stenographic and clerical personnel, whose advice or consultation is being or will be used by such party in connection with this action, provided that such outside expert or consultant first be shown a copy of the Stipulation and Protective Order and agree to abide by its terms;

(h) any other person permitted to receive confidential information by order of the Court or by written agreement of the Parties.

8. Before the disclosure of any Confidential Documents to any person covered by subparagraphs 7(e), (f) and (g) other than by the Designating Party, such person shall be cautioned against the disclosure of said information to anyone else and shall be advised that the said information is the subject of a Court Order and such person shall acknowledge his/her agreement to abide by this Order and to be subject to the jurisdiction of this Court by signing a declaration in the form attached as Exhibit A, a copy of which shall be provided to counsel for all parties and non-parties who have produced Confidential Documents under this Order.

9. If any counsel files with or submits to the Court (a) documents or transcripts afforded confidential treatment pursuant to this Order or (b) papers disclosing the confidential information contained in such documents or transcripts, with the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents under seal in accordance with L.R. 79-5.1. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope, which shall also contain the following legend:

///
///
///
///

> *"Confidential"* "Pursuant to L.R. 79-5.1, This envelope contains documents that are subject to an Order governing the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened nor the contents thereof displayed or revealed except by Order of this Court."

For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

10.  Whenever a party objects to the treatment of a document or transcript as Confidential as defined herein, it shall so notify the party requesting such Confidential treatment in writing and strictly comply with Local Rules 37-1 and 37-2. Within 14 calendar days of receipt of said notice, the party requesting Confidential treatment may apply to the Court for a ruling that the document or transcript shall be treated in the manner described in this Order. If no such application is made within 14 calendar days of such notification, the document in question shall thereafter be deemed not to be subject to Confidential treatment. If such application is made, the document or transcript shall be afforded the treatment described in this Order until the Court rules on such application. In any such application, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection under the terms of the Protective Order.

11.  At the conclusion of this litigation (including any appeals), all documents or transcripts designated "Confidential" and any copies thereof, except for one copy that shall be kept in counsel's files and shall remain subject to this protective order indefinitely, shall either be returned to the producing party, or counsel shall certify to the destruction of said documents. This Order shall continue to be binding after the conclusion of this litigation, except that there shall be no restriction on documents or transcripts that are (a) used as exhibits and/or offered into evidence not under seal in the pretrial activities or trial of this action, and (b) not covered by any subsequent and inclusive confidentiality order. Any documents retained by counsel at

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  the conclusion of this litigation will not be used in any subsequent litigation or action
2  by the retaining party, nor shall such documents be provided to any other party
3  pursuing any subsequent litigation or action.

4      12.    Nothing in this Stipulation shall require disclosure of any material
5  that a party contends is protected from disclosure by the attorney-client privilege or
6  the attorney work product doctrine..

7      13.    The entering into this Stipulation shall not and does not constitute
8  an admission or concession or permit an inference that any document, response,
9  testimony or information designated as "Confidential Material" is, in fact confidential
10 or contains Confidential Material.  Conversely, any disclosure of Confidential
11 Material under this Stipulation and Order shall not be construed as a waiver of the
12 confidentiality of the information.  Moreover, nothing in this stipulation shall be
13 deemed a waiver of (a) any party's right to object to any discovery request on any
14 grounds, including on grounds that the documents or information contained within are
15 confidential; (b) any party's right to redact information from documents produced (c)
16 any party's right to seek an order compelling discovery with respect to any discovery
17 requests; (e) any party's right to object to the admission of any evidence on any
18 grounds in any proceeding herein; or (f) the Designating Party's right to use its own
19 documents with complete discretion, including agreeing to remove a "Confidential"
20 designation from any document or other materials to which a party has attached such a
21 designation.

22     14.    This Stipulation and any Order thereon may be modified in part or
23 entirely by written agreement and upon application to and entry of an Order by the
24 Court.

25     15.    Nothing in this Order shall be construed as authorizing a party to
26 disobey a lawful subpoena issued in another action.

27
28

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543

| | |
|---|---|
| Dated: June 11, 2009 | SPIRO MOSS LLP<br>DENNIS F. MOSS<br>GREGORY N. KARASIK |
| | By: /s/ Gregory N. Karasik<br>Gregory N. Karasik<br>Attorneys for Plaintiff<br>ROSA L. LOPEZ |
| Dated: June 11, 2009 | WINSTON & STRAWN LLP<br>JESSIE A. KOHLER<br>BENJAMIN M. GIPSON<br>AUDREY SHEN CHUI |
| | By: /s/ Benjamin M. Gipson<br>Benjamin M. Gipson<br>Attorneys for Defendant<br>KMART CORPORATION |

## ORDER

It is hereby ORDERED that this Protective Order is entered in this case in accordance with the above Stipulation of the parties.

Dated: June 12, 2009

_/s/ Robert N. Block_
The Honorable Robert N. Block
United States Magistrate Judge
United States District Court,
Central District of California