Dennis F. Moss, Esq. (State Bar No. 77512)
dennisfmoss@yahoo.com
Gregory N. Karasik, Esq. (State Bar No. 115834)
greg@spiromoss.com
H. Scott Leviant, Esq. (State Bar No. 200834)
scott@spiromoss.com
**SPIRO MOSS LLP**
11377 W. Olympic Blvd., 5th Floor
Los Angeles, California 90064-1683
Telephone: (310) 235-2468
Facsimile: (310) 235-2456

Sahag Majarian, II, Esq. (State Bar No. 146621)
sahagii@aol.com
**LAW OFFICES OF SAHAG MAJARIAN, II**
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892

Attorneys for Plaintiff Rosa Lopez

AMANDA C. SOMMERFELD (SBN: 185052)
asommerf@winston.com
BENJAMIN M. GIPSON (SBN: 222830)
bgipson@winston.com
AUDREY SHEN CHUI (SBN: 254510)
achui@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
K MART CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA L. LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>K MART CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: CV 09-1334 CJC (RNBx)<br><br>CLASS ACTION<br><br>**STIPULATION FOR FIRST AMENDED PROTECTIVE ORDER; AND [PROPOSED] ORDER** |

## I. REPRESENTATIONS

### A. Representation From Initial Protective Order

Plaintiff Rosa Lopez (an individual), and Defendant KMART Corporation (hereinafter "Defendant"), have stipulated to this Protective Order by and through their undersigned counsel.

Defendant represents that pre-trial discovery in this case necessarily has involved and will continue to involve matters that are confidential and proprietary to Defendant's on-going business, and may require the production of documents revealing Defendant's methods of operation, material non-public financial information and private employee information and data.

Defendant further represents that Plaintiff has requested information and documents through relating to Defendant's operating policies and procedures, including but not limited to, Defendant's vacation and personnel time policies.

Defendant considers this information confidential commercial information that would cause substantial economic harm to Defendant's competitive position if they were made public. Such information qualifies for protection under applicable federal laws. *See ICG Communs. Inc. v. Allegiance Telecom*, 211 F.R.D. 610 (N.D. Cal. 2002).

Plaintiff represents that these categories of information and documents have been requested and are relevant and/or reasonably calculated to lead to the discovery of admissible evidence relating to their claims.

Defendant further represents that such material falls within recognized categories of information that may be protected from public disclosure through confidentiality designations under a protective order. See Fed. Rule Civ. Proc. 26(c)(1)(G) (allowing protection of "trade secret or other confidential research, development or commercial information").

Defendant further represents that public disclosure of such material poses a substantial risk of great economic harm in that discovery of Defendant's trade

1 secrets and other proprietary commercial information would put Defendant at a competitive disadvantage and would be a windfall to the discovering (competing) party.

### B. First Amended Representations

Defendant further represents that Plaintiff has requested information about the identity and contact information of the putative class members.

Plaintiff represents that this identity and contact information that has been requested is relevant and/or reasonably calculated to lead to the discovery of admissible evidence relating to Plaintiff's claims. *See Babbitt v. Albertson's, Inc.*, 1992 U.S. Dist. LEXIS 19091 at *16-*17 (N.D. Cal. December 1, 1992); *Ho v. Ernst & Young, LLP*, 2007 U.S. Dist. LEXIS 37700 at *3 (N.D. Cal. May 9, 2007); *Jimenez v. Domino's Pizza*, LLC, 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. January 13, 2006)  Plaintiffs maintain that the information requested constitutes information over which, under California law, the putative class members have some, but not a substantial, privacy interest. *See Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360 (2007); *Puerto v. Superior Court*, 158 Cal.App.4th 1242 (2008); *Alch v. Superior Court*, 165 Cal. App. 4th 1412 (2008).  In California it has been recognized that a plaintiff's right to discover this identity and contact information will often significantly outweigh a putative class members' right to conceal that information.

Defendant disagrees with the arguments and authorities set forth by Plaintiff. Defendant maintains that the putative class members have constitutional rights to privacy in their personal contact information that must be protected from unknowing and/or unwanted disclosure.  The parties have agreed that the costs and burdens associated with production of the identity and contact information of putative class members will best be managed by producing the identity and contact information under a "Confidential" designation.

C. **Good Cause**

For the foregoing reasons, good cause exists for entry of this Order to facilitate pre-trial disclosure while assuring the safety of these sensitive disclosures. See Fed. R. Civ. P. 26(c).

This Order shall apply to pre-trial out-of-court discovery and pre-trial filings with the Court. The parties agree to confer in good faith, in consultation with the Court, in establishing procedures for the use of materials designated as confidential in any evidentiary hearing or trial, which may include a request to close the Courtroom when confidential information may be revealed in the course of such hearing or trial. In the absence of an agreement of the parties or further order of the Court, no Confidential materials may be disclosed in any public hearing or trial.

II. <u>STIPULATED TERMS OF PROTECTED ORDER</u>

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of pre-trial proceedings in this action.

1. The word "document" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation all original written, recorded or graphic matters and all copies thereof.

2. This Order shall govern the handling of certain documents produced in this action and designated "Confidential" as further set forth herein.

3. The parties may obtain confidential treatment, as defined in this Order, for such documents by typing or stamping "Confidential" (or words of similar import) on each page or to the front cover of the electronic version of the documents for which confidential treatment is desired. Pages so designated shall hereinafter be referred to as "Confidential Documents." The party designating the Confidential Documents or information shall hereinafter be referred to as the

Page 4
**STIPULATION FOR FIRST AMENDED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

1  "Designating Party."  Any Confidential Document or confidential information
2  contained therein shall be used solely for the purpose of preparing for and
3  conducting pretrial and trial proceedings in this action where counsel and the
4  parties agree to be bound by the terms of this protective order. Nothing in this
5  Order precludes the parties from agreeing to produce and accept certain
6  documents on a "attorneys eyes only" basis, which shall be disclosed only to
7  counsel of record, in the event that a party believes, in good faith, that the
8  documents provided would reveal especially sensitive information that could
9  cause irreparable harm if disclosed to persons other than counsel.

10      4.    Documents or portions thereof may be designated "Confidential"
11  pursuant to the terms of this Order:

12      (a)    If the portion of the document discloses proprietary and
13  confidential trade secrets or confidential research,
14  development or commercial information the disclosure of
15  which a party believes in good faith would cause substantial
16  harm to current legitimate business interests, or discloses
17  information invasive of the legitimate privacy interests of
18  individuals (for example, private employment information); or
19      (b)    if the Court rules such documents to be Confidential after
20  appropriate notice and for good cause shown.

21      5.    Deposition testimony may be designated Confidential by any
22  participating party or third party or witness (a) during the deposition, hearing or
23  trial, in which case the transcript of the designated testimony shall be bound in a
24  separate, sealed volume and marked "Confidential" by the reporter, or (b) within
25  thirty (30) days after receipt of the transcript, in which case a separate transcript
26  marked "Confidential" shall be requested and paid for by the designating party.
27  The Designating Party may require that persons not authorized to review
28

Confidential information be excluded from the deposition or any testimonial proceeding where Confidential information is likely to be revealed.

6. Documents, deposition transcripts, and other information may be designated as "Confidential" pursuant to Paragraph 3 above, after they have been produced without having been so designated, in the following manner:

   (a) Counsel for the Parties to whom such documents, testimony, or other information has been disclosed must be advised in writing of the new designation;

   (b) To the extent possible, the newly designated documents and the information contained therein shall be used only as allowed by this order; and

   (c) Counsel for the Designating Party will provide counsel for the party receiving notice with another copy of the documents, deposition transcripts, or other information, which bears the proper designation.

7. Except by prior Court Order or with the prior written consent of the designating party, documents and transcripts designated as "Confidential" hereunder (and the Confidential information contained therein) shall be disclosed only to the following persons:

   (a) the Court and its official personnel;

   (b) the parties and their employees;

   (c) personnel of any of the outside law firms of record representing any of the parties to this action to the extent necessary to provide representation to the party in connection with this action; court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids solely in providing litigation support services to outside counsel;

(d) putative class members, except that such person may not retain any such materials;

(e) any person of whom sworn testimony is taken, except that such person may not retain any such materials;

(f) jury consultants involved solely in providing litigation support services to outside counsel;

(g) outside experts and consultants for any party, including their stenographic and clerical personnel, whose advice or consultation is being or will be used by such party in connection with this action, provided that such outside expert or consultant first be shown a copy of the Stipulation and Protective Order and agree to abide by its terms;

(h) any other person permitted to receive confidential information by order of the Court or by written agreement of the Parties.

8. Before the disclosure of any Confidential Documents to any person covered by subparagraphs 7(e), (f) and (g) other than by the Designating Party, such person shall be cautioned against the disclosure of said information to anyone else and shall be advised that the said information is the subject of a Court Order and such person shall acknowledge his/her agreement to abide by this Order and to be subject to the jurisdiction of this Court by signing a declaration in the form attached as Exhibit A, a copy of which shall be provided to counsel for all parties and non-parties who have produced Confidential Documents under this Order.

9. If any counsel files with or submits to the Court (a) documents or transcripts afforded confidential treatment pursuant to this Order or (b) papers disclosing the confidential information contained in such documents or transcripts, with the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or

documents under seal in accordance with L.R. 79-5.1. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope, which shall also contain the following legend:

> "*Confidential*" "Pursuant to L.R. 79-5.1, This envelope contains documents that are subject to an Order governing the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened nor the contents thereof displayed or revealed except by Order of this Court."

For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

10. Whenever a party objects to the treatment of a document or transcript as Confidential as defined herein, it shall so notify the party requesting such Confidential treatment in writing and strictly comply with Local Rules 37-1 and 37-2. Within 14 calendar days of receipt of said notice, the party requesting Confidential treatment may apply to the Court for a ruling that the document or transcript shall be treated in the manner described in this Order. If no such application is made within 14 calendar days of such notification, the document in question shall thereafter be deemed not to be subject to Confidential treatment. If such application is made, the document or transcript shall be afforded the treatment described in this Order until the Court rules on such application. In any such application, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection under the terms of the Protective Order.

11. At the conclusion of this litigation (including any appeals), all documents or transcripts designated "Confidential" and any copies thereof, except for one copy that shall be kept in counsel's files and shall remain subject to this protective order indefinitely, shall either be returned to the producing party, or counsel shall certify to the destruction of said documents. This Order shall continue to be binding after the conclusion of this litigation, except that

there shall be no restriction on documents or transcripts that are (a) used as exhibits and/or offered into evidence not under seal in the pretrial activities or trial of this action, and (b) not covered by any subsequent and inclusive confidentiality order. Any documents retained by counsel at the conclusion of this litigation will not be used in any subsequent litigation or action by the retaining party, nor shall such documents be provided to any other party pursuing any subsequent litigation or action.

12. Nothing in this Stipulation shall require disclosure of any material that a party contends is protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

13. The entering into this Stipulation shall not and does not constitute an admission or concession or permit an inference that any document, response, testimony or information designated as "Confidential Material" is, in fact confidential or contains Confidential Material. Conversely, any disclosure of Confidential Material under this Stipulation and Order shall not be construed as a waiver of the confidentiality of the information. Moreover, nothing in this stipulation shall be deemed a waiver of (a) any party's right to object to any discovery request on any grounds, including on grounds that the documents or information contained within are confidential; (b) any party's right to redact information from documents produced (c) any party's right to seek an order compelling discovery with respect to any discovery requests; (e) any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or (f) the Designating Party's right to use its own documents with complete discretion, including agreeing to remove a "Confidential" designation from any document or other materials to which a party has attached such a designation.

14. This Stipulation and any Order thereon may be modified in part or entirely by written agreement and upon application to and entry of an Order by the Court.

15. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## III. FIRST AMENDED PROVISIONS TO STIPULATED TERMS OF PROTECTIVE ORDER

16. For purposes of the parties' Stipulation for a First Amended Protective Order in this matter, "Confidential" information shall, in addition to the definition contained in Paragraph 4 and to the extent not already encompassed by that definition, include the identity of any putative class member when the identity information is provided in conjunction with the "contact information" of that putative class member. "Contact information" includes the home address, home telephone number or cellular telephone number.

Dated: January 19, 2010           SPIRO MOSS LLP

                                  By: /s/ H. S. Leviant
                                  Dennis Moss
                                  Gregory N. Karasik
                                  H. Scott Leviant

                                  Attorneys for Plaintiff ROSA L. LOPEZ

Dated: January 19, 2010                    WINSTON & STRAWN LLP

By: /s/ Benjamin Gipson by permission
    Amanda C. Sommerfeld
    Benjamin M. Gipson
    Audrey Shen Chui

Attorneys for Defendant
KMART CORPORATION

## ORDER

It is hereby ORDERED that this First Amended Protective Order is entered in this case in accordance with the above Stipulation of the parties.

**IT IS SO ORDERED.**

Dated: _____          _____
                                                  Hon. Robert N. Block
                                                  UNITED STATES
                                                  MAGISTRATE JUDGE